**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 18-1089

UNITED STATES OF AMERICA,

Appellee,

v.

ÁNGEL L. RODRÍGUEZ-GONZÁLEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Torruella, Lynch, and Kayatta,
Circuit Judges.

Lydia Lizarríbar-Masini on brief for appellant.
David C. Bornstein, Assistant United States Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, on brief for appellee.

June 27, 2019

**LYNCH**, **Circuit Judge**.   This is an appeal raising an issue of sufficiency of evidence as to Ángel L. Rodríguez-González's criminal convictions and challenging one aspect of his sentence.

After a jury trial, Rodríguez was convicted of conspiracy to commit a Hobbs Act robbery, 18 U.S.C. § 1951(a), committing a Hobbs Act robbery, id. § 1951(a), and brandishing a firearm during a Hobbs Act robbery, id. § 924(c)(1)(A)(ii), in connection with an armed robbery of a bar in Puerto Rico.   He received a within-guidelines sentence of forty-six months' imprisonment for the two Hobbs Act robbery counts, to be served concurrently with one another, and seven years' imprisonment for the firearm offense, to be served consecutive to the Hobbs Act robbery counts, for a total of 130 months' imprisonment.   The full sentence was made consecutive to Rodríguez's undischarged Puerto Rico revocation sentence for an unrelated drug offense.

Rodríguez challenges the sufficiency of the evidence linking him to the robbery.   He also alleges that the imposition of the federal sentence consecutive to his Puerto Rico revocation sentence was an abuse of discretion.   We affirm his convictions and his sentence.

I.

Because Rodríguez challenges the sufficiency of the evidence to support his convictions, we recite the facts in the

light most favorable to the verdict. United States v. Rodríguez-Milián, 820 F.3d 26, 29 (1st Cir. 2016). This recitation of the facts largely disposes of his meritless sufficiency argument.

On April 23, 2016, Rodríguez rented a black 2012 Nissan Versa with Puerto Rico license plate number ICK309 from a small car-rental business in Santa Isabel, Puerto Rico. Rodríguez gave the owner of the car-rental business a copy of his driver's license and forty dollars to rent the car for one day. The next day, Rodríguez called the owner and stated that he was going to keep the car for another day. On April 25, 2016, at approximately 6:00 p.m., the owner called Rodríguez and asked when he would return the car. Rodríguez replied that he was on his way back and would return it soon.

Some time between 6:00 and 6:30 p.m. that day, two men parked that same rental car some fifty to sixty feet away from the car-rental business, in front of a neighbor's house. The neighbor saw them leave the rental car and walk to El Mangoito, a bar that was a few blocks down the road.

Inside the bar, the taller of the two men walked up to the bar's owner, pointed a gun at him, said, "this is a robbery," and told him to "take out the money." The bar owner described this robber as tall, wearing dark clothing, masking his face with his shirt, and carrying a loaded gun. The bar

owner gave the tall robber approximately $580, emptying the cash register.

The bar owner then saw the other robber (who was shorter and had also masked his face) press a gun, covered by his shirt, into a customer's back, telling the customer to give him "what you have on you." The tall robber then pushed a "silver plated" revolver loaded with copper-jacketed bullets against the customer's head, while the short robber pointed his gun at the customer's side. They took the customer's gold neck chain, watch, car keys, and cell-phone.

On the way out of the bar, the short robber pointed his gun at the bar owner and demanded and received an almost-full one-liter bottle of Johnnie Walker Black Label Scotch whisky. The customer asked the short robber to return his car keys, and that robber threw the car keys and neck chain back to the customer as he and the tall robber fled. The robbery was recorded on the bar's surveillance camera. Because of the robbery, the bar owner was forced to close the bar early that day.

The neighbor and the bar owner saw the robbers go back to the rental car and drive away. The neighbor wrote down the rental car's make, model, and license plate number, and gave that information to the bar owner, who then contacted the police.

Around 6:30 p.m., three police officers in a marked patrol car were dispatched to the bar, where they spoke to both the bar owner and the neighbor. The bar owner described one of the robbers as "tall," "thin," and "white."

The officers had been informed that the rental car was registered to the owner of the car-rental business. The officers interviewed that owner, who identified Rodríguez as the renter, gave them a copy of Rodríguez's driver's license, and said Rodríguez had recently called him and said he was about to return the car. One of the officers observed that Rodríguez's driver's license listed his height as six feet and one inch, which fit the bar owner's description of one of the robbers as "tall."

The officers moved their patrol car to a street near the car-rental business and waited there. About fifteen minutes later, two men later identified as Rodríguez and Jerry Colón-Figueroa[1] arrived with the rental car at the car-rental business, but upon seeing the officers, drove the car past the business and parked several houses away. Rodríguez sent a text message to the car-rental business owner at 7:35 p.m. stating, "Dude I am in front of your [business] and there is a patrol car and it is clear."

---

[1] Jerry Colón-Figueroa was named as a co-defendant in this case and pleaded guilty pursuant to a plea agreement.

The officers drove up to the rental car and arrested Rodríguez and Colón.[2] After the arrest, police officers searched the rental car. Inside, they found an unloaded nickel-plated starter gun with a black handle and a black bag containing a loaded nickel-plated .38 Colt revolver with a brown handle. In the rental car, officers also found an approximately half-empty one-liter bottle of Johnnie Walker Black Label Scotch whisky, imported into Puerto Rico from Scotland.

The officers also searched Rodríguez and Colón and recovered, among other things, the bar customer's watch and a total of $265. The officers also seized from Rodríguez his cell-phone, which contained the text message he had sent to the car-rental business owner, a photograph of Rodríguez, and a photograph of a .38 Colt revolver (taken three days before the robbery). The .38 Colt revolver in the photograph had a distinctive mark at the end of its barrel that matched the mark on the .38 Colt revolver that was found in the rental car.

At trial, the bar owner, the bar customer, and the neighbor all testified that one of the robbers was noticeably taller than the other. Rodríguez is taller than Colón.

---

[2] The bar customer testified that he had returned to the bar after unsuccessfully chasing the robbers in his own car, and less than ten minutes later, he learned that the officers had apprehended the robbers.

- 6 -

II.

We do not recount the entire procedural history as it is not relevant to the appeal. But we do highlight the district court's findings in rejecting Rodríguez's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.

As to the Hobbs Act robbery charges, Rodríguez argued in his Rule 29 motion that the evidence did not show that the robbery affected interstate commerce. The district court ruled, to the contrary, that "the government need only . . . produce evidence of a realistic possibility that the robbery had some slight or minimal impact on Interstate Commerce" and then gave the reasons the burden had been satisfied. The evidence showed that the stolen whisky was labeled and bottled in Scotland and imported and distributed into Puerto Rico from abroad, that the bar owner was forced to temporarily close the bar after the robbery, and that the bar accepted credit card payment (allowing an inference that this included cards issued outside of Puerto Rico).

As to the firearm offense charge, Rodríguez argued that the government did not proffer sufficient evidence that the .38 Colt revolver "is a working firearm, was manufactured outside of Puerto Rico, fires, or complies with the elements of the firearms as defined in the code." The district court determined that both weapons fit within the statutory definition

of a firearm in 18 U.S.C. § 921(a)(3) and that the statute does not require that the government prove the firearms were operable.

After Rodríguez was convicted, the presentence investigation report (PSR) calculated a base offense level of twenty and made no adjustments. The PSR noted that Rodríguez had a 2015 Puerto Rico state conviction for possession with intent to distribute controlled substances, for which he was sentenced to five years of probation, and a 1997 Massachusetts state conviction for possession with intent to distribute controlled substances, for which he was sentenced to three years and one day of imprisonment. The PSR determined that Rodríguez's criminal history category was II. The PSR stated that the guidelines sentencing range was thirty-seven to forty-six months' imprisonment for the Hobbs Act offenses. For the firearm offense, the guidelines sentence was a consecutive statutory minimum term of imprisonment of seven years. 18 U.S.C. § 924(c)(1)(D)(ii); U.S.S.G. § 2K2.4(b). Rodríguez did not object to the PSR's sentencing guidelines calculation. Based on representations from defense counsel, the district court asked the Probation Office to amend the PSR to reflect that Rodríguez underwent revocation proceedings on June 6, 2017, for his 2015 Puerto Rico drug conviction and was sentenced there to five years' imprisonment.

Rodríguez asked the district court for a sentence on the "lower end of the guidelines." The government asked for a sentence of forty-six months' imprisonment for the Hobbs Act robbery convictions and an upwardly variant consecutive sentence of 138 months for the firearm offense.

The district court concluded that the PSR's guidelines calculation was accurate. The court considered the sentencing factors in 18 U.S.C. § 3553(a), noting in particular Rodríguez's personal characteristics, prior convictions, and role in the offense, as well as the impact on the victim. The court sentenced Rodríguez to a term of forty-six months' imprisonment for the two Hobbs Act robbery counts, to be served concurrently with one another, and an additional term of seven years' imprisonment for the firearm offense, to be served consecutively to the Hobbs Act robbery counts, for a total of 130 months; the whole sentence was to be served consecutively to the Puerto Rico revocation sentence.[3] The court ordered a term of five years of supervised release following the federal sentence.

Defense counsel objected to the sentence being made consecutive to the Puerto Rico revocation sentence. The district court replied that the federal crime "is a totally separate and independent crime and committed while the defendant

[3] The district court expressly declined to make findings as to whether Rodríguez would receive credit for any time served for the revocation sentence.

- 9 -

was serving the State sentence." Rodríguez timely appealed.

## III.

A.    <u>Sufficiency of the Evidence</u>

Rodríguez's appellate challenge is quite limited. He has waived any challenge to the district court's findings that the robbery of the bar satisfied the interstate commerce element of the Hobbs Act robbery convictions because he has failed to present any argument on that issue.

Rodríguez argues for the first time on appeal, and not in his Rule 29 motion, that the evidence linking him to the robbery was insufficient because no witness directly identified him at trial as one of the robbers and there was no forensic or scientific evidence connecting him to the robbery. Contrary to Rodríguez's argument, the mere fact that he made a motion for a judgment of acquittal is not sufficient to preserve this argument. <u>See, e.g.</u>, <u>United States</u> v. <u>Charriez-Rolón</u>, 923 F.3d 45, 51 (1st Cir. 2019).

Our review of this late-presented issue "is limited to preventing a 'clear and gross injustice.'" <u>Id.</u> (quoting <u>United States</u> v. <u>Ponzo</u>, 853 F.3d 558, 580 (1st Cir. 2017)). There is none here. As our description of the evidence shows, there was ample evidence linking Rodríguez to the robbery. He was the person who rented the car seen near the scene of the robbery and which the robbers used to try to escape. He was arrested while

- 10 -

attempting to return the rental car less than an hour after the robbery took place, he and his co-defendant had the bar customer's watch, and the car contained a partially-full one-liter bottle of Black Label Scotch whisky and two guns. Rodríguez matched the bar owner's description of the tall robber, and the .38 Colt revolver retrieved from the car matched the bar customer's description of the tall robber's gun. Rodríguez's cell-phone also contained a recent photograph of a .38 Colt revolver with the same distinctive mark as the one found in the rental car, as well as the text message he had sent to the car-rental business owner.  This is "powerful evidence from which the jury rationally could infer [the defendant's] participation in the armed robbery."  United States v. Lugo Guerrero, 524 F.3d 5, 13 (1st Cir. 2008).

B.   Sentencing Challenge

Rodríguez argues that the district court misunderstood its authority to impose the federal sentence concurrent to the Puerto Rico revocation sentence.

Nothing in the record suggests that the district court believed it lacked the authority to impose a concurrent sentence.  The district court explicitly stated that it chose to make the federal sentence consecutive to the Puerto Rico revocation sentence because it was for a "totally separate and independent crime" that Rodríguez "committed while [he] was

- 11 -

serving the State sentence" of probation that was later revoked. The district court also explained that, although it "originally . . . thought of engaging in an upward departure or variance," it ultimately determined that "the way in which [it] . . . structured the sentence is intended to achieve . . . the proper punishment in this case, without the need [to] engag[e] in any variances." This statement further supports that the district court made a cognizant choice to impose the sentence consecutively to the Puerto Rico revocation sentence.

The statute specifically allows this choice. 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ."). As we have said, "consecutive sentences are 'the default position'" where the defendant is sentenced for an offense committed while on probation that was later revoked. United States v. Santiago-Burgos, 750 F.3d 19, 25 (1st Cir. 2014) (quoting United States v. Parks, 698 F.3d 1, 8 (1st Cir. 2012)); see U.S.S.G. § 5G1.3(d) cmt. n.4(C) ("[T]he Commission recommends that the sentence for the instant offense be imposed consecutively to the [state or federal] sentence imposed for the revocation."). The district court did not err.

Affirmed.